# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA JEAN SUMNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-725-G |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Barbara Jean Sumner brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 11, hereinafter "R. _"),[1] and the arguments and authorities submitted by the parties, the Court reverses the Commissioner's decision and remands for further proceedings.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her DIB application on September 24, 2013, alleging a disability-onset date of June 9, 2012. R. 20, 47, 292-95. Following denial of her application initially and on reconsideration, a hearing was held before an Administrative

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

Law Judge ("ALJ") on November 20, 2015. R. 39-102, 103, 119. The ALJ issued an unfavorable decision on March 21, 2016. R. 17-38.

The Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from June 9, 2012, the alleged disability-onset date, through December 31, 2015, the date Plaintiff last met the insured-status requirements of the SSA. R. 23. At step two, the ALJ determined that Plaintiff had the severe impairments of obesity, arthritis, and fibromyalgia. R. 23-26. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 26-27.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all her medically determinable impairments. R. 27-32. The ALJ found that during the relevant period:

> [P]laintiff had the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except she could lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk for 6 hours in an 8-hour day and sit for 6 hours in an 8-hour day. She never could climb ladders, ropes, or scaffolds, crouch or crawl but occasionally could climb stairs, balance, stoop, and kneel. She frequently can reach, handle, finger or grip with the upper extremities.

R. 27.

At step four, the ALJ considered the hearing testimony of a vocational expert ("VE") and found that Plaintiff was able to perform her past relevant work as an

administrative clerk and accounting manager. R. 32-33.[2]

The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R 33; *see* 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), .1560(b)(3). Plaintiff's request for review by the Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-6; *see* 20 C.F.R. § 404.981.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal

---

[2] The ALJ additionally stated: "[T]he [VE] confirmed that [Plaintiff] would be able to perform a number of other light, unskilled positions that exist in significant numbers within the national economy, including mail clerk, office helper, and routing clerk. Further, said jobs would continue to remain even if the claimant was in addition, limited to simple and detailed instructions." R. 33.

quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff raises two challenges to the ALJ's written decision. Because the Court finds that the first challenge is dispositive, it need not address the second. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

I. THE RECORD AND THE WRITTEN DECISION

*A. Dr. Robin Hall*

In January 2014, Robin Hall, MD, performed a consultative examination upon Plaintiff. R. 608-15. Relevant here, Dr. Hall found that Plaintiff's left hand tested within normal limits but that her dominant right hand possessed: 4/5 grip strength, "abnormal" hand skills, "inadequate" finger-to-thumb opposition, and "abnormal" fine tactile manipulation of objects. R. 608, 609, 610. Dr. Hall opined that, with respect to her right hand, Plaintiff could not "effectively oppose the thumb to the fingertips," "manipulate small objects," or "effectively grasp tools such as a hammer." R. 614.

In the written decision, the ALJ did not address the manipulative and grasping aspects of Dr. Hall's opinion. The ALJ did mention Plaintiff's history of carpal tunnel syndrome and Dr. Hall's finding of reduced right-hand grip strength. R. 30. Noting that "no such findings are contained within any other examination," and that no "mention [was] made" in Dr. Hall's report "of any related findings to substantiate the continued severity

4

of this condition," the ALJ found a restriction (ultimately adopted in the RFC) to frequent reaching, handling, fingering, or gripping was "adequate to address any residual symptomology [Plaintiff] may experience." R. 30 (citing R. 608-15).

### B. Dr. Joseph Gaeta

At the administrative hearing, Joseph Gaeta, MD, testified as an impartial medical expert ("ME"). R. 55-68. Dr. Gaeta summarized the medical evidence in the record as reflecting that Plaintiff's examinations have been "pretty normal except for the right hand, which has some limitations due to carpal tunnel." R. 62. Dr. Gaeta further testified that he believed that Plaintiff would "never" be able to perform "fine maneuvers" of her right hand, such as "being able to climb or button," although she could use her hands for gross manipulation. R. 64-65.

Relevant to this testimony, the ALJ "afforded fair weight" to Dr. Gaeta's opinion in the written decision but stated:

> [I]t should be noted that his opinion regarding the need for [Plaintiff] to avoid all fine finger movements with the right hand has been rejected in part, as inconsistent with the most recent evidence of record as well as the opinion of the State Agency medical consultants whose specific finding in this matter has been adopted.

R. 31.

## II. DISCUSSION

Plaintiff asserts that the ALJ erred by failing to address Dr. Hall's opinions regarding Plaintiff's right-hand manipulative and grasping limitations and therefore failing to evaluate those opinions under the relevant factors or adequately explain her rejection of them. *See* Pl.'s Br. (Doc. No. 19) at 9-10. The Court agrees.

5

Although not a treating physician, Dr. Hall examined Plaintiff in person in connection with Plaintiff's DIB application. The ALJ was therefore required to "evaluate," "consider," and "address" Dr. Hall's medical opinions. 20 C.F.R. § 404.1527(b), (c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see also* 20 C.F.R. § 404.1502 (2016). While an examining medical-source opinion "may be dismissed or discounted," such action "must be based on an evaluation of all of the factors set out in the cited regulations and the ALJ must provide specific, legitimate reasons for rejecting it." *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (internal quotation marks omitted); *see* 20 C.F.R. § 404.1527(c)(1)-(6).

The ALJ's written decision does not reflect that the ALJ took notice of the aspects of Dr. Hall's opinion related to opposing the thumb to the fingertips, manipulating small objects, or grasping tools. The ALJ's rejection of the opinion therefore fails to comply with the legal standards set forth above and fails to adequately explain the ALJ's basis for omitting related right-hand limitations from the RFC. *See Chapo*, 682 F.3d at 1291; *see also* SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ . . . must discuss . . . significantly probative evidence he rejects.").

Defendant concedes that "it would have been preferable for the ALJ to explicitly address the right-hand limitations opined by Dr. Hall" but argues that the Court should overlook any error in this respect as harmless. *See* Def.'s Br. (Doc. No. 23) at 7-11. *See*

*generally Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012). This the Court is unable to do, for two reasons.

First, Defendant highlights the ALJ's explicit rejection of Dr. Gaeta's similar opinion and posits that the ALJ's reasoning in that respect allows the Court to "discern" the reason the ALJ rejected Dr. Hall's limitations. Def.'s Br. at 10-11 (citing *Lately v. Colvin*, 560 F. App'x 751 (10th Cir. 2014)). In *Lately*, the Tenth Circuit found that an ALJ's failure to discuss an examining physician's opinion was harmless because the court "c[ould] tell" from the ALJ's rejection of a treating physician's "nearly identical opinion" that the ALJ gave no weight to the opinion and the reasons why. *Lately*, 560 F. App'x at 754. But this transitive reasoning does not properly apply here. As an initial matter, the right-hand restrictions found by Dr. Hall are broader than those found by Dr. Gaeta. *Compare* R. 64-65, *with* R. 609, 610, 614. Further, Dr. Hall's opinion was based on her examination of Plaintiff, unlike Dr. Gaeta's, which was based only upon review of the record. In *Lately*, the ALJ expressly rejected a treating physician's opinion—which is entitled to the highest degree of deference—and implicitly rejected an examining physician's opinion—which "is generally entitled to less weight than that of a treating physician." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); *see Lately*, 560 F. App'x at 754. But in the instant matter, the ALJ expressly rejected only a nonexamining ME's opinion—i.e., an opinion that is generally afforded less weight than opinions from either treating or examining sources. *See* R. 31; 20 C.F.R. § 404.1527(c)(1). Thus, to find that the ALJ's rationale for rejecting Dr. Hall's examining-physician opinion can be intuited from the rejection of Dr. Gaeta's opinion, the Court would have to ignore the

7

presumption of greater weight assigned to Dr. Hall's opinion and improperly reweigh the evidence. *See* 20 C.F.R. § 404.1527(c)(1); *Bowman*, 511 F.3d at 1272; *see also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (noting that the reviewing court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself"); *cf. Winick v. Colvin*, 674 F. App'x 816, 820-21 (10th Cir. 2017) (noting that ALJ's exercise of deference due to a treating-physician's opinion "might have changed the relative weight assigned to all the medical opinions").

Second, the Court sees no substantial evidence in the record to support the proposition that a person who is unable to oppose the thumb to the fingertips, manipulate small objects, or grasp tools, all with his or her dominant hand, would be able to perform the identified jobs of administrative clerk and accounting manager. *See* R. 87-100, 614; *cf. Dictionary of Occupational Titles* (4th rev. ed. 1991) 219.362-010, 1991 WL 671953 (Administrative Clerk) (requiring frequent handling and fingering); *id.* 160.167-058, 1991 WL 647262 (Controller) (requiring frequent handling and occasional fingering).

The Court therefore is unable to say that "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Keyes-Zachary*, 695 F.3d at 1163 (internal quotation marks omitted); *see also Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) (noting that the court applies harmless-error analysis "cautiously" in the context of administrative review). The ALJ's legal errors require remand. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

## CONCLUSION

The decision of the Commissioner is reversed and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). A separate judgment shall be entered.

IT IS SO ORDERED this 28th day of September, 2018.

_____
CHARLES B. GOODWIN
United States District Judge