# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARBARA JEAN SUMNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-725-G |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiff Barbara Jean Sumner's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 33), filed through Plaintiff's counsel Gayle L. Troutman.

On September 28, 2018, the Court entered a Judgment reversing the Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 26) at 1. On June 12, 2019, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found Plaintiff disabled as of June 9, 2012. *See* Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 33-2) at 1-2. The Commissioner has notified Plaintiff of $67,051.50 in past-due benefits and that up to $10,762.87 of withheld benefits can be applied toward her attorney's fees for work done in this action. *See id.* at 3; Pl.'s Mot. Att'y Fees at 1-2; *id.* Ex. 1 (Doc. No. 33-1) at 1 (contingent-fee contract between Plaintiff and her counsel prescribing that if Plaintiff is awarded benefits after a remand from federal court, counsel will request the

court to approve a fee of "not to exceed 25 percent of the past-due benefits"). In addition, the Court has previously awarded $4874.40 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Order of Feb. 7, 2019 (Doc. No. 30). The funds being withheld plus the previous EAJA award amount to $15,637.27, which is the sum requested in the present Motion.

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

The Commissioner has responded that he has no objection to Plaintiff's counsel's current request for $15,637.27 in fees. *See* Def.'s Resp. (Doc. No. 34) at 1-2. The Commissioner correctly notes, however, that if fees are now awarded pursuant to § 406(b)

2

Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See id.* at 2; Order of Feb. 7, 2019, at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).[1]

Having carefully reviewed the parties' submissions, the Court finds that an award of $15,637.27, which is approximately 23.5% of the past-due benefits awarded, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Ms. Troutman filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 19. The Commissioner filed a brief in opposition, which Ms. Troutman was required to review. *See* Doc. No. 23; Pl.'s Mot. Att'y Fees Ex. 4 (Doc. No. 33-4) at 5. Ms. Troutman represents that she spent 21.2 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $658.13 with respect to the relevant portion of the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 10; *id.* Ex. 4, at 6; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative

---

[1] Plaintiff's contract with her counsel expressly authorizes application of "the EAJA payment . . . toward any unpaid balance of the fee awarded by the Court." Pl.'s Mot. Att'y Fees Ex. 1, at 1. The Commissioner has no objection to Plaintiff's and her counsel's agreement that her previous fee award may be used to offset the present award. *See* Def.'s Resp. at 2 n.2; Pl.'s Mot. Att'y Fees Ex. 1, at 1.

rate was between $517.95 and $632.64 per hour). Plaintiff and Ms. Troutman agreed that the latter may collect attorney's fees for representation before the Court for an amount greater than the currently pending request. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 33) is GRANTED. Plaintiff's attorney Ms. Gayle Troutman is awarded attorney's fees in the amount of $15,637.27, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Gayle L. Troutman of Troutman & Troutman, P.C., 1350 South Boulder Avenue, Suite 410, Tulsa, Oklahoma, 74119. Upon payment, Ms. Troutman shall promptly refund to Plaintiff the $4874.40 previously awarded under 28 U.S.C. § 2412. *See* Order of Feb. 7, 2019, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 19th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge